**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT**
**WEST PALM BEACH DIVISION**

**RYAN SEGEV,**

      **Plaintiff,**

**vs.**

                            **CASE NO: 9:19-cv-81252**

**LYNN UNIVERSITY, INC., a Florida not-for-profit corporation,**
**d/b/a LYNN UNIVERSITY, MIGUEL ATUNES, in**
**his official and individual capacities as Assistant Direct of Admissions**
**at LYNN UNIVERSITY, and CATHERINE WHARTON in her**
**official capacity as Americans with Disabilities Act Compliance Officer**
**for LYNN UNIVERSITY,**

      **Defendants.**

_____/

**COMPLAINT**

      Plaintiff, RYAN SEGEV, hereby sues LYNN UNIVERSITY, INC., a Florida not-for-profit corporation d/b/a LYNN UNIVERSITY, (hereinafter "LYNN"), MIGUEL ATUNES, in his official and individual capacities as Assistant Director of Admissions at LYNN UNIVERSITY, and CATHERINE WHARTON in her official capacity as Americans with Disabilities Act Compliance Officer for LYNN UNIVERSITY,  and asserts as follows:

I. **NATURE OF THE ACTION**

      1.    Plaintiff, RYAN SEGEV, seeks monetary and other relief against Defendant LYNN, following Defendant LYNN'S wrongful and unjustified imposition of sanctions against Plaintiff, as well as Defendant LYNN'S wrongful violation of Plaintiff's civil rights; including but not limited to, breach of contract; fraud; emotional distress; breach of section 504 of the Rehabilitation Act of 1973 ("Section 504"), as amended; violation of the Americans with Disabilities Act of 1972 (the "ADA"), as amended by the Americans with Disabilities Act of

1

2008; as well as its refusal to release Plaintiff's official transcript, bullying, negligence, negligent hiring, training, supervision, and retention.

2.       LYNN'S unjustified actions violated its contract with Plaintiff; the LYNN University Academic Catalog; the LYNN Standards of Conduct Policy; the ADA; and Section 504.  Plaintiff is covered by the protections of the ADA and Section 504 against discrimination against the disabled.

3.       LYNN'S arbitrary and capricious conduct and actions, imposed by Lorna Fink, a LYNN UNIVERSITY Compliance Officer, among others, have caused Plaintiff grievous harm, including thoroughly derailing his education and reasonably anticipated life attainments, depriving him of academic and other scholarship opportunities and for obtaining financial aid for obtaining a college degree, tarnishing his reputation, and permanently damaging his future career and educational prospects.

## II. **PARTIES**

4.       Plaintiff, RYAN SEGEV, is twenty years old and resides in Palm Beach County, Florida.  During the events described and asserted in this pleading, Plaintiff was a full-time student at LYNN University located in Boca Raton, Florida and living in Wellington, Florida.

5.       Defendant LYNN owns and operates a private co-educational residential institution of higher learning with its campus located at 3601 North Military Trail, Boca Raton, Florida 33431.  Defendant LYNN has more than 2200 undergraduate students enrolled and is ranked in the Best Colleges of Regional Universities South.  Defendant LYNN is a Florida not-for-profit corporation which receives Federal funds.

6.       Defendant LYNN'S agents and authorized representatives failed to make reasonable accommodations for this disabled young man and failed to comply with their own

requirements, resulting in negligence, fraud, emotional distress, breach of contract, violations of the ADA and Section 504, and for related acts and omissions alleged herein.  LYNN holds itself out as an educational institution especially receptive to and appropriate for the needs of the disabled.

7.     Defendant MIGUEL ATUNES, at all times material hereto, was acting within the course and scope of his employment and was employed by Defendant LYNN University, located at 3601 North Military Trail, Boca Raton, Florida 33431, and upon information and belief, living in West Palm Beach, Florida.

8.     Defendant CATHERINE WHARTON, at all times material hereto, was acting within the course and scope of his employment and was employed by Defendant LYNN UNIVERSITY, located at 3601 North Military Trail, Boca Raton, Florida 33431, and upon information and belief, living in West Palm Beach, Florida.

### III.  <u>JURISDICTION AND VENUE</u>

9.     This Court has Federal question and supplemental subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367 because (1) the claims herein arise under Federal law, and (2) the state law claims asserted in this pleading are so closely related to and intertwined with Federal law claims so as to form the same case or controversy under Article III of the United States Constitution.

10.    This Court has person jurisdiction over Defendant LYNN as it is located within and is conducting business within the Southern District of Florida; more specifically, it is open and operating a university located at: 3601 North Military Trail, Boca Raton, Florida 33431.

11.    Venue for this action properly lies in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted by Plaintiff

in this pleading occurred in this judicial district, and the Defendant LYNN, has its principal business office and does business within this district.

IV. <u>**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**</u>

12.     Plaintiff graduated from Wellington Community High School (Wellington High School), Wellington, Palm Beach County, Florida, in 2017, with and eighty-five (85) average despite his disabilities, which included Asperger's Syndrome, Dyslexia, Disgraphia, and ADHD. Plaintiff was admitted as a student for Fall 2017 and he signed all required contracts and admission documents.   Plaintiff RYAN SEGEV was enrolled on a late enrollment status approximately two weeks into the semester, and he and his mother both asked MIGUEL ATUNES, Assistant Director in Admissions, whether the school would have time to prepare and grant Plaintiff RYAN SEGEV'S accommodations prior to the beginning of his classes, and they were repeatedly assured that it would not be a problem and that his full accommodations would be granted and the paperwork would be prepared on time.   Plaintiff RYAN SEGEV asked if it would be better to wait until Spring 2018 semester to enroll to ensure that his accommodations were provided for, and he assured him again that there was no need to wait to enroll. Plaintiff RYAN SEGEV provided Defendant LYNN with his I.E.P. plan detailing the necessary accommodations and with his psychological evaluation prior to the beginning of the semester. On August 30, 2017 MIGUEL ATUNES sent an email to Richard Ham stating that "We are trying to squeeze Ryan in this Fall."  MIGUEL ATUNES' email makes clear that Defendant LYNN would squeeze Plaintiff RYAN SEGEV in and take his $37,000.00 tuition, whether or not Defendant LYNN was fully prepared to meet his accommodations.   Plaintiff RYAN SEGEV began his freshman year at Defendant LYNN during the Fall semester of the 2017-2018 academic year.

13.     As part of its admissions packet, Defendant LYNN provided Plaintiff RYAN SEGEV with copies of its school policies, the 2017-2018 Standards of Conduct Policy (the Code), and the 2017-2018 Academic Catalog, which codes and policies Defendant LYNN was charged with and yet failed to apply and/or comply with.   A copy of the Student Code of Conduct is available online and is incorporated to this pleading by reference: Student Code of Conduct and Conduct Reviews/ LYNN University, Florida.  The 2017-2018 Academic Catalog, in pertinent part, is attached hereto and incorporated herein by reference and is available in full online.

14.     As aforementioned, the cost of tuition at Defendant LYNN for full-time undergraduate students like Plaintiff is approximately $37,000.00, not including books, fees or room and board.  As Plaintiff RYAN SEGEV began his studies at Defendant LYNN, Plaintiff RYAN SEGEV'S family was bearing the full cost of his university education, as Plaintiff RYAN SEGEV experienced unresolved problems with K.H.E.A.A. verify system, through which he would have obtained financial aid.

15.     Defendant LYNN assumed responsibility to make reasonable accommodations for Plaintiff, in light of his known disabilities and impairments, which included autism spectrum disorder, Asperger's syndrome, ADHD, Dyslexia, Dysgraphia, a susceptibility to threats and coercion, emotional and mental impairment, which substantially limited major life activity, such as: concentrating, communicating, reading, writing, and brain impairment, as well as known difficulty with transitioning to unfamiliar environments and coping with significant changes in routine.

16.     Plaintiff RYAN SEGEV was also enrolled with the Florida Department of Education, Vocational Rehabilitation Services. The Florida Department of Education, Vocational

5

Rehabilitation Services through various testing, included a thorough psychological evaluation completed by a physician on March 8, 2017, shortly before his high school graduation with anticipated matriculation to, and attendance at Defendant LYNN, and determined that his autism spectrum disorder required support for deficits in social communication, and required support for restricted, repetitive behaviors, without language impairment, and without intellectual impairment.

17.     Defendant LYNN was provided with Plaintiff RYAN SEGEV'S I.E.P history and documents through its employee, Defendant MIGUEL ATUNES in the admissions office prior to Plaintiff RYAN SEGEV'S matriculation, were provided notice and information that Plaintiff RYAN SEGEV'S "daily accommodations," and, "as-needed accommodations."   On July 24, 2017, the I.E.P. plan was developed by the Department of Education, Division of Vocational Rehabilitation, which stated specifically that LYNN UNIVERSITY was required to provide his accommodations as a condition of his enrollment.   The I.E.P. was transmitted to Defendant LYNN UNIVERSITY prior to RYAN SEGEV'S attendance.   On August 28, 2017, Erma Barmapov-Segev, Plaintiff RYAN SEGEV'S mother emailed Defendant MIGUEL ATUNES a copy of Plaintiff RYAN SEGEV'S psychological evaluation for Defendant LYNN'S file and to aide and facilitate in Plaintiff RYAN SEGEV'S transition and to ensure his accommodations. Plaintiff RYAN SEGEV'S reasonable accommodations included one hundred percent (100%) extended time with breaks for tests up to two times the normal time allotted; use of an alternate testing environment for exams, check for comprehension and direction of tasks, allow use of word processor for writing and/or assistive technology; provide notes and study guides for tests and quizzes; cue student to stay on task; allow student to report to ASD teacher when feeling stressed/needing assistance; extended time for quizzes and assignments up to one day; use of

instructors notes when available; the ability to record class lectures with instructor's permission; notify parents of missing assignments weekly; and oral testing/text to speech for items other than reading, and first year leniency for transitioning; maximum of four credits per semester.

18.     Defendant LYNN, via it's Academic Catalog and it's General Academic Policies and Accommodations, p. 50, 2017-2018 Academic year, states and binds itself to provide the following academic accommodations:

> As a learning-centered community, Lynn University recognizes that all students should be afforded the opportunity to achieve their academic and individual potential.  The university recognizes and supports the standards set forth in Section 504 of the Rehabilitation Act and the Americans with Disabilities Act (ADA).  In accordance with our mission and federal and applicable state laws, the university is committed to making reasonable accommodations for qualified applicants for admission and enrolled students with disabilities.  It is the policy of the university not to discriminate on the basis of disability in any of its educational services, programs or activities.  A disability is a physical or mental impairment that substantially limits one or more of the major life activities of an individual, a record of having such impairment or being regarded as having such impairment.  The university has designated Matthew Roche, as the ADA coordinator.  Students seeking more information regarding reasonable accommodations or any other related issues should contact Matthew Roche by phone at (561) 237-7728 or via email at roche@lynn.edu for further information regarding specific policies and procedures.

19.     Defendant LYNN also publishes and contracts with its students that it will comply with the ADA, as follows:

> As a learning-centered community, Lynn University recognizes that all students should be afforded the opportunity to achieve their academic and individual potential.  In accordance with the university's mission as well as federal and applicable state laws, the university is committed to making reasonable accommodations for qualified applicants with documented disabilities under the American with Disabilities Act.  If special accommodations are needed, please contact the ADA compliance officer (Catherine Wharton) to assist in documenting and defining those needs.  Accommodations are not retroactive therefore, for any accommodation the instructor *must* be presented with the form specifying the needs. Issues regarding employment are handled through Employee Services.

It is the policy of the university not to discriminate on the basis of disability in any of its educational services, programs or activities. A disability is a physical or mental impairment that substantially limits one or more of the major life activities of an individual.

SERVICES FOR ELEGIBLE STUDENTS UNDER THE ADA:

Students who wish to receive ADA accommodations should have the ADA coordinator review their documentation to determine eligibility to receive services and reasonable accommodations provided at the college level.

Accommodations may include, but are not limited to:

- Use of alternative testing environment for examinations
- Extended time on examinations (1.5x) or (2x)
- Use of assistive technology (speech to text, text to speech, PDF's)
- Use of computer for written assignments and examinations
- Ability to record class lectures (with permission)
- Use of calculator for mathematic examinations when appropriate
- Use of spellcheck when it does not fundamentally alter a core requirement of an assignment
- Scribe for ScanTron examinations
- Use of instructor's, or instructor's designee notes when available
- Relaxation of attendance
- No use of red ink
- Enlarged font

No tests are altered in either format or content by the testing center staff. Readers are only permitted to read the questions exactly as they are written. Testing center staff members proctor all exams.

20.   Plaintiff RYAN SEGEV made it known that he wished to receive these ADA accommodations as aforementioned, and Defendant LYNN'S willingness to do so was a substantial factor in his decision to enroll at Defendant LYNN.

21.   Defendant LYNN also published its Anti-Bullying policies:

Purpose.

8

The purpose of this policy is to provide guidelines detailing Lynn University's commitment to provide its employees with a workplace that is free of bullying.

Policy.

Lynn University strives to provide its employees with a workplace that is free of bullying. Bullying is the persistent demeaning and downgrading through words, actions and communications that erode self-confidence and undermine self-esteem.

It is the responsibility of every individual to ensure that bullying or intimidation does not occur at any level within the University. All employees should be aware that bullying affects the dignity of people at work, is unacceptable, and can be grounds for disciplinary action up to and including termination.

Misconduct constituting bullying will be dealt with promptly and appropriately. Responsive action may include, for example, training, referral to counseling, monitoring of the offender and/or disciplinary action such as warning reprimand, withholding of a promotion or pay increase, reduction of wages, demotion, reassignment, temporary suspension without pay or termination, as Lynn University believes appropriate under the circumstances.

*Note: Incidents of bullying based on an individual's sex, sexual orientation, sexual identity, gender, gender expression, or gender identity will be investigated and resolved pursuant to the University's Sexual and Gender-Based Misconduct Policy.*

Definitions.

Bullying – any intentional written, verbal or physical that: physically harms an employee or damages the employee's property; or has the effect of substantially interfering with an employee's job performance; or is severe, persistent, or pervasive that it creates and intimidating or threating educational environment; or has the effect of substantially disrupting the operation of the University.

The following, non-exhaustive list, are examples of bullying behavior that may be grounds for disciplinary action up to and including termination:

1.   Repeated verbal harassment of a severe or pervasive nature.

2.   Personal insults and name-calling.

3.   Persistent picking on a person for the butt of jokes, horseplay uncomplimentary remarks or other behavior likely to cause offense.

9

4.      The maligning or ridiculing of a person directly or to others.

5.      Refusal to communicate in a normal collegial way.

22.     Plaintiff, RYAN SEGEV repeatedly asked for his accommodations to be provided to him prior to the beginning of the school year as aforementioned and continued to request his accommodations throughout the first semester, including via his academic coach Natalie Capiro. In addition, he requested that professors provide him with his accommodations, including but not limited to, additional time and assistive technology, and was regularly denied his accommodations by his professors.  He persisted throughout the Fall semester with these requests, and throughout the Winter semester 2018.

23.     Plaintiff, RYAN SEGEV, was not granted his accommodations until Mathew Roche generated a *Letter of Accommodation to Faculty* on March 16, 2018, late into the Spring 2018 semester.  Plaintiff RYAN SEGEV was completely denied his accommodations in Fall 2017 and up until March 16, 2018- over halfway into the Spring semester.  At the end of his first semester he was already failing, had a .068 GPA, and was placed on academic probation by Randi Lesko on December 27, 2017; as such, Defendant LYNN had actual knowledge that Plaintiff RYAN SEGEV was in desperate need of his academic accommodations and was failing out of school without them; yet, still did not provide his accommodations after the end of the first semester and instead punished him for failing by placing him on academic probation.  Defendant LYNN was already failing Plaintiff RYAN SEGEV at the end of his first semester and compromising his education, emotional stability, and economic future causing irreparable harm. Defendant actually and effectively denied Plaintiff RYAN SEGEV'S civil and human rights under the ADA and Section 504 of the Rehabilitation Act, breached its contract, and violated its own policies by refusing to implement his accommodations and then punished him by placing

him on academic probation.  As Plaintiff RYAN SEGEV'S courses and education are cumulative and the second semester was in many ways built upon material from the prior semester, Plaintiff RYAN SEGEV was already placed in a position where it was impossible for him to catch up when he was finally granted his accommodations over midway into the second semester.  The psychological and emotional stress of having to bring a GPA .06 to a 2.0 in one semester was stifling.  **In fact, the ONLY way Plaintiff RYAN SEGEV could prevent himself from getting kicked out of school in Spring semester would have been to earn a 4.0 without the accommodations he was due based on his disability.  Not even a 3.9 would have salvaged his GPA for purposes of remaining enrolled in school**.  Even after Plaintiff RYAN SEGEV was officially granted his accommodations, he was still not permitted all of the services and reasonable accommodations that should have been provided from the very beginning of his enrollment and attendance including but not limited to, he was denied the use of assistive technology on multiple instances, was denied extra time while taking tests, and was not provided *any* instructor's notes for *any* course whatsoever, among other violations.  The numerous violations of Plaintiff RYAN SEGEV'S rights caused Plaintiff RYAN SEGEV grievous and irremediable harm, thoroughly derailing his education and reasonable anticipated life attainments, depriving him of academic and scholarship opportunities and reasonable goals, for obtaining financial aid, for obtaining a college degree, causing him serious emotional and psychological distress damaging his future career and educational prospects.  On May 23, 2018, Rand Lesko sent a letter of academic dismissal as Plaintiff RYAN SEGEV carried a cumulative GPA of .95 at that time.

24.    Due to directly and proximately to the lack of the contracted for and promised accommodations, i.e. Defendant LYNN'S negligence, breach of contract, etc., Plaintiff RYAN

SEGEV performed at what Defendant LYNN deemed an unacceptable academic level.   In addition to denying Plaintiff RYAN SEGEV'S academic accommodations in their entirety for seven out of the nine months he was enrolled at Defendant LYNN that academic year, the academic support that was provided in the form of tutors was inadequate and the tutors were poorly trained and did not understand the subject matter with a level sufficiency to help educate and tutor students struggling with the subject.   After meeting with several unqualified and poorly trained tutors, Plaintiff RYAN SEGEV sought the assistance of his academic coach to find a tutor that actually understood the subject matter and could help tutor and teach him; although she located a tutor, the new tutor also lacked the ability to teach the subject matter in a meaningful way.   In general, Defendant LYNN failed and continues to fail to properly hire, train, supervise, and retain qualified academic tutors and staff that are well-versed in the subject matter in which students need assistance.   In addition, there is nearly no oversight in Defendant LYNN'S academic system of the offices and persons responsible for reviewing, granting, and institutionalizing the academic accommodations needed by students with disabilities. Furthermore, Defendant LYNN violated Federal law under the ADA and the Rehabilitation Act by failing to report the violations of Plaintiff RYAN SEGEV'S rights to the monitoring Federal legal authorities and the Department of Education as it is required to do when it violates a student's rights under those provisions by denying their academic accommodations and/or failing to report when a person accused the institution of a violation so the Department of Education and/or Department of Justice can perform an investigation into compliance.   Defendant LYNN has intentionally withheld this information to avoid punitive measures being taken against the school, including the denial of Federal funding.

25.     Plaintiff RYAN SEGEV was forced to appeal the school's decision and Defendant LYNN employee, Professor Diane Dicerbo, she bullied him and forced him to write a letter stating that it was his fault he did not perform well academically, as a condition of being readmitted to pursue his education, instead of admitting that Defendant LYNN systemically failed him in so doing violated Federal and State law.  On August 2, 2018, Plaintiff RYAN SEGEV and his mother spoke with Defendant CATHERINE WHARTON, the new ADA compliance officer, as she had read a letter from Plaintiff RYAN SEGEV'S mother regarding their grievances with the school.  During the conversation Defendant CATHERINE WHARTON stated that Plaintiff RYAN SEGEV would return to school, she made an agreement that she was willing to work with them, that Plaintiff RYAN SEGEV was never supposed to have more than 4 classes and should not have been scheduled for six and seven classes per semester, that Defendant LYNN would erase his first year grades and credit all of the money as if started from scratch, to prevent Plaintiff from moving forward to a lawsuit.  Defendant CATHERINE WHARTON said that Plaintiff RYAN SEGEV should have no problem enrolling for next semester and he should speak with his academic advisor and move forward.  After Plaintiff RYAN SEGEV was already in classes Sean Eckstein had Plaintiff RYAN SEGEV sign an academic bankruptcy.  Plaintiff RYAN SEGEV was "offered" and accepted an academic bankruptcy for the 2017-2018 year, which he was led to believe and agreed to as it was to reflect "in house" only and would not reflect on his official transcript.

26.     Instead, on September 10, 2018, Plaintiff RYAN SEGEV, his mother, and various university staff, including at various times Karen Reed, Vivian in Finance, and Greg Cox, informed Plaintiff RYAN SEGEV that his academic bankruptcy had been placed on his transcript.  Furthermore, after Plaintiff RYAN SEGEV was already enrolled in classes, he was

13

called in to pay tuition and he learned that what he previously paid would no longer be credited and carry over to the new year as he was promised.  It would not be as if he were enrolling for the first time, as he had agreed in resolution of his difficulties vis-à-vis the University's refusal to live up to its commitments.

27.     New tuition was required to be paid before continued attendance at the classes in which he was enrolled violating the agreement that he entered with Defendant CATHERINE WHARTON and Defendant LYNN.   Furthermore, upon information and belief, Defendant LYNN accepted Federal funding for Plaintiff RYAN SEGEV for each semester he attended Defendant LYNN, and it was never returned or refunded to the Federal government.

28.     At a meeting immediately thereafter with Greg Cox, the Vice President of Academics, in the last ditch effort by Plaintiff RYAN SEGEV to resolve their issues to the benefit of his education, attempted to bully Plaintiff RYAN SEGEV in the presence of his mother, who is his designee and to coerce and influence Plaintiff RYAN SEGEV to agree that he, Plaintiff RYAN SEGEV, was in the wrong.

29.     Following these meetings, Plaintiff RYAN SEGEV was in serious emotional and psychological distress, disappointed, and highly concerned about the consequent damage to his academic and future professional career prospects.

30.     On September 11, 2018, Lorna Fink, Defendant LYNN'S Compliance Officer, was contacted by Plaintiff RYAN SEGEV through his mother.  There was strong concern that Plaintiff RYAN SEGEV would be further harassed and bullied on campus unless resolution could be reached, especially in light of Greg Cox's conduct and behavior toward Plaintiff RYAN SEGEV.

31.     Following upon the failure of Defendant LYNN to properly alleviate Plaintiff RYAN SEGEV's academic and school situation, and in light of their breach of contract, breach of duty under the ADA and Section 504, fraud, negligence, etc., Plaintiff RYAN SEGEV withdrew from the University.  Defendant LYNN clearly prioritizes its financial profit from students and continued Federal assistance over providing a quality academic environment where students with disabilities will receive their accommodations and flourish to become productive adults and members of society.

32.     To date Defendant LYNN states that Plaintiff RYAN SEGEV owes it tuition, etc., and have refused to provide him his official transcript, nor to make it available, and has failed to remove the academic bankruptcy from his official transcript, and also attempted to have the situation remedied by the ADA Compliance officer Lora Fink.

## COUNT I

## BREACH/VIOLATION of SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED

33.     Plaintiff RYAN SEGEV incorporates herein by reference paragraphs 1 through 32 of this pleading.

34.     The Rehabilitation Act of 1973, as amended, was the first disability civil rights law to be enacted in the United States.  It prohibits discrimination in programs that receive federal financial assistance.

35.     Section 504 of The Rehabilitation Act of 1973, as amended, was the first disability civil rights law to be enacted in the United States.  It prohibits discrimination in programs that receive federal financial assistance, 504 requires that students with disabilities have the right to receive reasonable accommodations in the pursuit of their education.  Section 504 specifically states in material part: "no qualified handicapped person shall, on the basis of

handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity which receives federal financial assistance.

36.     Defendant LYNN receives federal funding for research and development and for other purposes.

37.     Defendant LYNN University, as set forth in Paragraph 16 *et. seq.* hereinabove, had an obligation to provide Plaintiff RYAN SEGEV the opportunity to achieve his academic and individual potential, to make reasonable accommodations for him in order that that opportunity be able to succeed.

38.     Defendant LYNN'S overall reasonable accommodations program as applied in Plaintiff RYAN SEGEV's case failed to comply with section 504 standards, and breached and violated them, in several ways, included but not limited to:

     a.     failing to provide proper access;

     b.     failing to provide reasonable accommodation for Plaintiff RYAN SEGEV's known disabilities;

     c.     filing to provide adequate and appropriate means of remediation;

     d.     failing to honor its own published standards of integrity and honesty as it came to satisfy Plaintiff RYAN SEGEV's reasonable accommodations;

     e.     misrepresenting the academic accommodations that Defendant LYNN would make, contrary to its written general academic policies and regulations;

     f.     knowingly, intentionally, negligently, carelessly, and with

deliberate indifference, etc., depriving Plaintiff RYAN SEGEV, as a result of his known disabilities, of his civil rights to a discrimination free program of education;

g.      discrimination after applied accommodation for the use of electronic assisted device for testing;

h.      by taking adverse actions against Plaintiff RYAN SEGEV and noting an academic bankruptcy on his transcript.

39.     Even if Defendant LYNN'S program and regulations thereto are not flawed on their face, and Plaintiff RYAN SEGEV disputes that contention, this flawed enforcement of the guidelines and regulations, i.e. of Section 504 as interpreted by Defendant LYNN, filed to protect Plaintiff RYAN SEGEV within the protections provided by those guidelines and regulations.

40.     Plaintiff RYAN SEGEV suffered an erroneous outcome when, as a result of their failure to fulfill reasonable accommodations for his disabilities Defendant LYNN encouraged and bullied an academic bankruptcy that Plaintiff RYAN SEGEV did not understand, loss of financial resources, resulting in his withdrawal from the university under great emotion distress, pain and anxiety, as well as disengagement from his opportunity and plan for his academic and individual and career potential.

41.     Defendant LYNN'S violations/breach of obligations under Section 504 of the Act caused Plaintiff RYAN SEGEV to sustain tremendous damages, as well as the loss of education, career and scholarship opportunities, and other direct and consequential damages.

42.     Plaintiff RYAN SEGEV is entitled to compensatory damages and to be made financially whole for the harm he suffered as a result of Defendant LYNN'S violation of its Section 504 obligations.

43.     As a result of the Defendant LYNN'S foregoing wrongful actions, Plaintiff RYAN SEGEV is entitled to damages in an amount to be determined at trial, plus tuition paid and owing, plus pre-judgment interest, attorney's and expert witness fees, release of his official transcript, and court costs and disbursements.

## COUNT II – SECOND CLAIM FOR RELIEF

## BREACH/VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1972, AS AMENDED BY THE AMERICAN'S WITH DISABILITIES ACT AMENDMENTS ACT OF 2008

44.     Plaintiff incorporates herein paragraphs 1 through 32 of this pleading.

45.     The Americans with disabilities Act of 1972, as amended by the Americans with Disabilities Act Amendments Act of 2008, is a comprehensive federal civil rights law.  It prohibits discrimination against applicants with disabilities.  Persons with disabilities, included learning disabilities, which substantially limit major life activities, such as reading and learning, are protected under the ADA.

46.     The ADA defines disability as a legal term rather than a medical one.  A disabled person is a person who has a physical or mental impairment that substantially limits one or more major life activities.

47.     Under the ADA, businesses and governments, as well as and those that receive federal aid and assistance, are required to make accommodations for persons who are legally disabled.

48.     Plaintiff RYAN SEGEV had both a record of disability and impairment known to Defendant LYNN and was regarded as having such impairment.

49.     Defendant LYNN receives federal funding for research and development and for other purposes.

50.     Defendant LYNN University, as set forth hereinabove in Paragraph 16 *et. seq.*, had an obligation to provide Plaintiff the opportunity to achieve his academic and individual potential, to make reasonable accommodations for him in order that that opportunity be able to succeed.

51.     Defendant LYNN'S overall reasonable accommodations program as applied in Plaintiff's case failed to comply with ADA standards and breached and violated them, in several ways, included but not limited to:

      a.     failing to provide proper access;

      b.     failing to provide reasonable accommodations for Plaintiff RYAN SEGEV's known disabilities;

      c.     failing to provide adequate and appropriate means of remediation;

      d.      failing to honor its own published standards of integrity and honesty as it came to satisfying Plaintiff RYAN SEGEV's reasonable accommodations;

      e.     misrepresenting the academic accommodations that Defendant LYNN would make, contrary to its written general academic policies and regulations;

      f.     knowingly, intentionally, negligently, carelessly, and with

deliberate indifference, etc., depriving Plaintiff RYAN SEGEV, as a result of his known disabilities, of his civil rights to a discrimination free program of education; including but not limited to, denying his reasonable accommodations and then punishing him by placing him on academic probation and ultimately dismissing him from the school;

g.      by taking adverse actions against Plaintiff RYAN SEGEV and noting an academic bankruptcy on his transcript.

52.     Plaintiff RYAN SEGEV suffered a harmful outcome when, as a result of their failure to fulfill reasonable accommodations for his disabilities when Defendant LYNN encouraged and bullied an academic bankruptcy that Plaintiff did not understand, resulting in his withdrawal from the university under great emotion distress, pain and anxiety, as well as disengagement from his opportunity and plan for his academic and individual and career potential.

53.     Defendant LYNN'S violations/breach of obligations under the ADA caused Plaintiff RYAN SEGEV to sustain tremendous damages, including, without limitation, emotional distress, physical distress, economic injuries, reputation damages, as well as the loss of education, career, and scholarship/financial aid opportunities, and other direct and consequential damages.

54.     Plaintiff RYAN SEGEV is entitled to compensatory damages and to be made financially whole for the harm he suffered as a result of Defendant LYNN'S violations of its ADA obligations.

55.     As a result of the Defendant LYNN'S, foregoing wrongful actions, Plaintiff is entitled to damages in an amount to be determined at trial, plus tuition paid and owing, plus

prejudgment interest, attorney's fees and expert witness fees, release of his official transcript, and court costs and disbursements.

## COUNT III – THIRD CLAIM FOR RELIEF

### BREACH OF CONTRACT

56.    Plaintiff incorporates herein paragraphs 1 through 32 of this pleading.

57.    Under applicable law, Defendant LYNN had contractual obligations to the Plaintiff RYAN SEGEV.  This included obligations under the Student Code of Conduct Section 504 of the Rehabilitation Act of 1973, as amended; the Americans with Disabilities Act of 1972, as amended by the Americans with Disabilities Act Amendments Act of 2008; and other university policies affecting students. Defendant LYNN created both express, implied, and verbal agreements when Plaintiff RYAN SEGEV accepted its offer of admission to Defendant LYNN, paid the tuition and fees for his first and second semester, as well as an additional $5,000.00 in fees and costs each semester for the reasonable accommodations to be provided, and started attending classes and became a fully enrolled student.

58.    Defendant LYNN committed to, contracted for and advertised that it allows its community of members, necessarily including Plaintiff RYAN SEGEV, to live and study in a discrimination free environment.

59.    Defendant LYNN committed to, contracted for and advertised that it allows its community of members, necessarily including Plaintiff RYAN SEGEV, to live in an environment with reasonable accommodations.

60.    Defendant LYNN failed to provide reasonable accommodations, failed to provide a discrimination free environment, bullied Plaintiff RYAN SEGEV, committed substantive and

procedural missteps, etc., all of which led to LYNN'S breach of contract and Plaintiff RYAN SEGEV's necessity to withdraw from the university.

61.     Defendant     LYNN'S     discrimination,     failure     to     provide     reasonable accommodations, deliberate indifference to Plaintiff RYAN SEGEV, breached its own contract and policies, as well as the implied covenants of good faith and fair dealing.

62.     Plaintiff RYAN SEGEV's breach of contract was the proximate cause of Plaintiff RYAN SEGEV's injuries, and the resultant direct and consequential damages and injuries.

63.     Plaintiff is entitled to recover damages for Defendant LYNN'S breach of the express and/or implied and/or verbal contractual obligations delineated hereinabove, to be made financially and otherwise whole, and for attorney's and expert witness fees and costs, and disbursements.

## COUNT IV – FOURTH CLAIM FOR RELIEF

## BREACH OF COVENANT OF GOOD FAITH, AND FAIR DEALING

64.     Plaintiff incorporates herein by reference paragraphs 1 through 32 of this pleading.

65.     Based on the aforementioned facts and circumstances, Defendant LYNN breached and violated a covenant of good faith and fair dealing implied in the agreements with Plaintiff by failing to comply with Section 504, by failing to comply with the ADA, by failing to comply with their own rules and regulations, and by not complying with the Student Code of Conduct and the 2017-2018 Academic Catalog.

66.     As a direct and foreseeable consequences of these breaches, Plaintiff RYAN SEGEV sustained tremendous damages, including, without limitation, emotional and

psychological distress, economic injuries, reputation damage, as well as the loss of education, career, and scholarship opportunities, and other direct and consequential damages.

67.     Plaintiff RYAN SEGEV is entitled to recover damages in an amount to be determined at trial, plus prejudgment interests, attorney's fees, expenses, cost and disbursements.

## COUNT V – FIFTH CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

68.     Plaintiff incorporates herein by reference paragraphs 1 through 32 of this pleading.

69.     By virtue of Defendant LYNN'S violation of Plaintiff RYAN SEGEV's contractual, due process and equal protection rights, including those under Section 504 of the Rehabilitation Act of 1973, as amended, and of the Americans with Disabilities Act of 1972, as amended by the Americans with Disabilities Act Amendments Act of 2008, as well as bullying. Plaintiff has suffered irreparable harm for which money damages are an inadequate remedy.

70.     To address that harm, Plaintiff RYAN SEGEV is entitled to injunctive relief from this Honorable court ordering Defendant LYNN to expunge negative items on his official transcript and releasing his official transcript.

## COUNT VI – FRAUD AGAINST DEFENDANT LYNN, DEFENDANT MIGUEL ATUNES, AND DEFENDANT CATHERINE WHARTON

71.     Plaintiff RYAN SEGEV incorporates herein by reference paragraphs 1 through 32 of this pleading.

72.     Defendant LYNN by and through its employees, including but not limited to Assistant Director of Admissions, Defendant MIGUEL ATUNES, made false statements of material fact and/or intentionally misled Plaintiff RYAN SEGEV when it promised to provide

Plaintiff RYAN SEGEV's reasonable accommodations when he began attending classes, in light of the fact the Plaintiff RYAN SEGEV was participating in late enrollment and the semester was already two weeks in.  Defendant LYNN by and through its employees intended that Plaintiff RYAN SEGEV and his mother would rely on the false statement of material fact, so that Plaintiff RYAN SEGEV would pay his $37,000.00 tuition fee to Defendant LYNN. The email from Defendant MIGUEL ATUNES stating that Defendant LYNN was *"trying"* to squeeze Plaintiff RYAN SEGEV into the semester, is concrete evidence that Defendant LYNN in fact did not know with certainty that it could provide Plaintiff RYAN SEGEV's academic accommodations in time.  Defendant CATHERINE WHARTON, Defendant LYNN's ADA Compliance Officer also made false statements of material fact and/or intentionally mislead Plaintiff RYAN SEGEV when she promised to provide Plaintiff RYAN SEGEV a fresh slate at school, wipe his academic record clean and refund his tuition so he could start from scratch, to avoid litigation and to entice Plaintiff RYAN SEGEV to enroll back into school.  In reality, after Plaintiff RYAN SEGEV enrolled back into classes he was given an academic bankruptcy which reflected on his transcript and was not credited the prior tuition he paid and was asked to pay new tuition funds.

73.     Plaintiff RYAN SEGEV reasonably relied upon the misrepresentation as it was made by Defendant LYNN'S Assistant Director of Admissions, Defendant MIGUEL ATUNES, a person in a position of authority upon whose word Plaintiff RYAN SEGEV should have been able to reasonably rely.  Plaintiff RYAN SEGEV reasonably relied upon the misrepresentation as it was made by Defendant LYNN'S ADA Compliance Officer, Defendant CATHERINE WHARTON, a person in a position of authority upon whose word Plaintiff RYAN SEGEV should have been able to reasonably rely.

74.     As aforementioned, Plaintiff RYAN SEGEV was actually damaged and suffered harm including financial loss of tuition, an academic bankruptcy reflects on his official transcript, he suffered emotional and psychological injuries and damages, and economic and compensatory damages that will continue into the future as the academic bankruptcy interferes with and will continue to interfere with, his ongoing academic education and ability to obtain gainful employment.

75.     Plaintiff RYAN SEGEV is entitled to recover damages in an amount to be determined at trial, plus prejudgment interests, attorney's fees, expenses, cost and disbursements. To address that harm, Plaintiff is entitled to injunctive relief, compensatory damages, emotional pain and suffering, and punitive damages in excess of $75,000.00.

## COUNT VII – NEGLIGENCE

76.     Plaintiff RYAN SEGEV incorporates herein by reference paragraphs 1 through 32 of this pleading.

77.     Defendant LYNN owed numerous duties to Plaintiff RYAN SEGEV as enumerated above, including but not limited to, providing for his academic accommodations, providing him with proper academic support and tutoring services, complying with the obligations and duties imposed through its policies, handbooks, contracts and agreements with Plaintiff RYAN SEGEV.  At all times material hereto, the employees responsible for acting out the duties owed to Plaintiff RYAN SEGEV, were in the course and scope of their employment with Defendant LYNN UNIVERSITY; and as such, Defendant LYNN UNIVERSITY is liable for their actions and inactions.

78.     Defendant LYNN breached the duties owed to Plaintiff RYAN SEGEV directly and via its employees misconduct, actions, and omissions, including but limited to, its employees

failure to grant Plaintiff RYAN SEGEV his academic accommodations for over 7 months and even after he was failing out of school and on academic probation, its failure to provide proper academic support and competent tutors, its employees consistent denial of Plaintiff RYAN SEGEV's accommodations and rights even subsequent to the accommodations being granted by Defendant LYNN.

79.     Defendant LYNN'S numerous breaches of the duties owed to Plaintiff RYAN SEGEV directly and proximately caused him suffer damages including receiving a low GPA at the end of his first semester and being placed on academic probation, to him being removed from school after his second semester, to him suffering an academic bankruptcy that now reflects on his official transcript, to loss of financial assets in tuition, and will continue to cause ongoing economic damages, compensatory damages, and emotional pain and suffering into the foreseeable future for which Plaintiff RYAN SEGEV seeks monetary relief in excess of $75,000.00 and injunctive relief.  Plaintiff RYAN SEGEV is entitled to recover damages in an amount to be determined at trial, plus prejudgment interests, attorney's fees, expenses, cost and disbursements.

## <u>COUNT VIII – NEGLIGENT HIRING, TRAINING, SUPERVISING, AND RETENTION</u>

80.     Plaintiff RYAN SEGEV incorporates herein by reference paragraphs 1 through 32 of this pleading.

81.     Defendant LYNN owed numerous duties to Plaintiff RYAN SEGEV as enumerated above, including but not limited to, providing for his academic accommodations, providing him with proper academic support and tutoring services, complying with the obligations and duties imposed through its policies, handbooks, contracts and agreements with Plaintiff RYAN SEGEV.  At all times material hereto, the employees responsible for acting out

26

the duties owed to Plaintiff RYAN SEGEV, were in the course and scope of their employment with Defendant LYNN UNIVERSITY; and as such, Defendant LYNN UNIVERSITY is liable for the actions and inactions.

82.     Defendant LYNN breached the duties owed to Plaintiff RYAN SEGEV directly and via its employees misconduct, actions, and omissions, including but limited to, failing to hire proper and competent staff and tutors, failing to supervise and train its admissions employees and officers, disability and accommodations departments and employees and officers,  and employees and staff members whom should have contributed to the academic success of Plaintiff RYAN SEGEV.  In addition, Defendant LYNN negligently retained and/or failed to retrain said employees and staff members even after becoming aware of their incompetence, including having actual knowledge of its tutors inability to perform their jobs, knowledge of the admissions office false promises and misrepresentations to students regarding Defendant LYNN'S ability to implement academic accommodations in the promised timeframe, the inability and/or refusal of the person's responsible for granting and implementing academic accommodations in a timely and complete manner, and its professors' refusal to provide the lawfully required academic accommodations to students.

83.     Defendant LYNN'S numerous breaches of the duties owed to Plaintiff RYAN SEGEV directly and proximately caused him suffer damages including receiving a low GPA at the end of his first semester and being placed on academic probation, to him being removed from school after his second semester, to him suffering an academic bankruptcy that now reflects on his official transcript, to loss of financial assets in tuition, and will continue to cause ongoing economic damages, compensatory damages, and emotional pain and suffering into the

foreseeable future for which Plaintiff RYAN SEGEV seeks monetary relief in excess of $75,000.00 and injunctive relief.

84.     Plaintiff RYAN SEGEV is entitled to recover damages in an amount to be determined at trial, plus prejudgment interests, attorney's fees, expenses, cost and disbursements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RYAN SEGEV respectfully requests that this Court award the following damages against Defendant LYNN, pursuant to Florida Statutes and the laws of the State of Florida, and Federal law, including but not limited to the following:

a.     Award compensatory and actual damages to Plaintiff;

b.     Award attorneys' fees and costs of this action to Plaintiff;

c.     Award punitive damages to Plaintiff;

d.     Award injunctive relief to Plaintiff;

e.     Any and all other and further relief as this Court may deem appropriate.

WHEREFORE, Plaintiff RYAN SEGEV demands damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with post judgment interest and costs.

## TRIAL BY JURY

WHEREFORE, Plaintiff RYAN SEGEV hereby demands a trial by jury on all issues so triable.

DATED this _10th_ day of September, 2019.

Respectfully submitted,

_/s/Jasmine Rand_____
**Jasmine Rand, Esquire**
FBN: 0077047

**RAND LAW, L.L.C.**
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
(305) 906-6400 Telephone
(305) 503-9235 Facsimile
Email: jasminerand@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Summons to all Defendants.

Respectfully submitted,

*/s/Jasmine Rand*
**Jasmine Rand, Esquire**
FBN: 0077047
*Attorney for Plaintiff*