UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 19-81252-CIV-CANNON/Reinhart

RYAN SEGEV,

    Plaintiff,
v.

LYNN UNIVERSITY, INC.,
a Florida not-for-profit corporation d/b/a
as Lynn University, CATHERINE WHARTON,
and MATTHEW ROCHE,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon the Report and Recommendation of Magistrate Judge Bruce Reinhart ("Report") [ECF No. 128], entered on February 26, 2021. The Court has reviewed Defendant Catherine Wharton's ("Wharton") Motion for Summary Judgment [ECF No. 72], Defendants Lynn University, Inc. ("Lynn") and Matthew Roche's ("Roche") Motion for Summary Judgment [ECF No. 74], Plaintiff's Response in Opposition to both Motions for Summary Judgment [ECF Nos. 89, 90], Wharton's Reply in Support of her Motion for Summary Judgment [ECF No. 98], Lynn and Roche's Reply in Support of their Motion for Summary Judgment [ECF No. 99], Plaintiff's Surreply in support of his Response in Opposition to Lynn and Roche's Motion for Summary Judgment [ECF No. 112], Magistrate Judge Reinhart's Report [ECF No. 128], and the full record in this case. No party filed an Objection to Magistrate Judge Reinhart's Report, and the time to do so has expired.

For the reasons discussed below, the Court agrees with the Report that summary judgment in favor of Lynn is warranted on Counts VII and XI; that summary judgment in favor of Roche is warranted on Count X; and that summary judgment should be denied as to Counts I, II, III, IV, VI and IX [ECF No. 128 p. 2]. The Report is therefore **ADOPTED** with the following additional discussion about Count I only (Breach of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794).

## FACTUAL & PROCEDURAL BACKGROUND

The relevant factual and procedural background is set forth in the Report [ECF No. 128] and is repeated here only to the extent that it is relevant to the discussion below.

## PARTIES' ARGUMENTS

Lynn asserts that summary judgment is warranted on Plaintiff's claim for damages under Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, because the record lacks any evidence showing that administrative officials at Lynn possessed the requisite discriminatory intent, or that they acted with deliberate indifference in failing to provide Plaintiff's requested accommodations [ECF No. 74 p. 6]. Specifically, while Lynn concedes that Plaintiff could have received accommodations much sooner, Lynn argues that its failure to provide Plaintiff's requested accommodations in a timelier manner was not the result of deliberate indifference [ECF No. 74 p. 6]. In Lynn's view, the record evidence shows that Plaintiff did not timely receive academic accommodations due, in part, to inadvertence by Lynn University personnel [ECF No. 74 p. 6]. Moreover, Lynn contends that the provision of academic accommodations was delayed in large measure by Plaintiff's own lack of diligence in submitting required documentation and communicating with Lynn personnel, which, in Lynn's view, undercuts Plaintiff's claims of discriminatory animus on the basis of his disabilities [ECF No. 74 p. 7].

CASE NO. 19-81252-CIV-CANNON/Reinhart

In opposition, Plaintiff contends that summary judgment is unwarranted on his claim for damages under Section 504 because a factfinder could conclude, based on the record evidence, that administrative officials at Lynn acted with deliberate indifference in failing to provide Plaintiff with his requested accommodations [ECF No. 89 p. 5]. Specifically, Plaintiff asserts that a jury could find deliberate indifference on the part of administrative officials at Lynn based on the substantial delay in processing Plaintiff's request for accommodations and Lynn's subsequent failures in providing reasonable accommodations for his disability [ECF No. 89 pp. 6-8, 11]. Plaintiff also relies on Lynn's failures as an institution as a whole, noting, for example, that Lynn's ADA Compliance Officer (Lorna Fink) failed to hire qualified employees with ADA experience, failed to adequately train and supervise the employees who were responsible for approving ADA accommodations, failed to implement appropriate written guidelines for students who sought ADA accommodations, and ultimately left the provision of ADA accommodations to unqualified employees without providing them a framework to ensure compliance with Federal law.

## **STANDARDS OF REVIEW**

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, LLC*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

"Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). When evaluating whether a genuine issue of material fact exists to overcome summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court, however, is not required to accept all of the nonmoving party's factual characterizations and legal arguments, and the nonmoving party must adduce some concrete evidence that would permit a reasonable fact finder to enter a verdict in its favor. *Id*; *see Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458–59 (11th Cir. 1994).

## **LEGAL PRINCIPLES**

Section 504 of the RA provides, in relevant part, as follows:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C.A. § 794(a).

To recover compensatory damages pursuant to Section 504, a plaintiff must show that "(1) [defendant] violated [his or her] rights under § 504, and (2) that [defendant] did so with discriminatory intent." *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 342 (11th Cir. 2012) (citing *Wood v. President & Trs. of Spring Hill Coll.*, 978 F.2d 1214, 1219 (11th Cir. 1992)). A plaintiff may establish discriminatory intent by showing that a defendant engaged in express

discriminatory animus against him due to his disabilities, or by "demonstrat[ing] discriminatory intent through a showing of deliberate indifference." *Liese*, 701 F.3d at 345.

The Eleventh Circuit has defined deliberate indifference in the RA context as occurring when "'the defendant knew that harm to a federally protected right was substantially likely and . . . failed to act on that likelihood.'" *Liese*, 701 F.3d at 344 (quoting *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cty., Fla.*, 610 F.3d 588, 604 (11th Cir. 2010), and citing *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009)). "Deliberate indifference is an exacting standard," *Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1259 (11th Cir. 2010), and it "plainly requires more than gross negligence," *Liese*, 701 F.3d at 344. Indeed, the deliberate indifference standard requires that the alleged indifference essentially amount to a "deliberate choice." *Liese*, 701 F.3d at 344 (quotation marks and citation omitted).

## **DISCUSSION**

The Court has carefully evaluated the entire record, as well as the parties' arguments, and agrees with the Report that, viewing the facts in the light most favorable to Plaintiff, a reasonable juror could find that Lynn acted with deliberate indifference in failing to provide Plaintiff's reasonable accommodations.

The following facts are either undisputed or construed in the light most favorable to Plaintiff:

(1) Plaintiff suffers from various disabilities, including Asperger's Syndrome, Dyslexia, Dysgraphia, and ADHD [ECF No. 51 ¶13];

(2) Plaintiff's disabilities impair several major life activities, including his ability to concentrate, communicate, read, and write, and his disabilities make it difficult for Plaintiff to transition to new environments and to cope with significant life changes [ECF No. 51 ¶13];

CASE NO. 19-81252-CIV-CANNON/Reinhart

(3) Plaintiff applied to Lynn University on July 6, 2017, and received an offer of admission on August 11, 2017 [ECF No. 51 ¶ 21; ECF No. 88 ¶75]. In that application, Plaintiff indicated that he intended to use the support services provided to students with diagnosed disabilities at the Institute for Achievement and Learning, the tutoring center at Lynn University [ECF No. 88 ¶73];

(4) Plaintiff submitted his full psychological evaluation via e-mail to Miguel Antunes, Lynn's director of admissions, on August 28, 2017, and his psychological evaluation reflected that Plaintiff suffered from the various conditions described above [ECF No. 51 ¶18; ECF No. 75 ¶14; ECF No. 88 ¶14]. According to the testimony of Plaintiff and his mother, this communication should have alerted the university that Plaintiff was requesting accommodations [ECF No. 137-1 (R. Segev Dep. at 73:16-74:16)]; ECF No. 137-7 (E. Barmapov-Segev Dep. at 124:1-125-1, 126:19-126-25)];

(5) Plaintiff's mother again submitted his psychological evaluation to Natalie Capiro, Plaintiff's academic coach, on November 6, 2017, which then was relayed to Paula Hyman and Catherine Wharton on November 10, 2017 [ECF No. 75 ¶¶33-34; ECF No. 88 ¶¶33-34];

(6) Despite receiving Plaintiff's psychological evaluation documentation from Natalie Capiro and Paula Hyman on November 10, 2017, Defendant Catherine Wharton did not evaluate Plaintiff's documentation and list her proposed accommodations for Plaintiff until January 9, 2018 [ECF No. 75 ¶¶33-36; ECF No. 88 ¶¶33-36];

(7) Catherine Wharton expressed concern that Plaintiff still had not received an evaluation of his requested accommodations by January 9, 2021—after the full Fall 2017 semester had ended [ECF No. 88 ¶95; ECF No. 100 ¶95];

6

(8) Lynn placed Plaintiff on academic probation on December 27, 2017, due to his poor academic performance at Lynn [ECF No. 88 ¶86; ECF No. 100 ¶86];

(9) Notwithstanding some effort from Plaintiff's academic coach, Lynn did not actually approve Plaintiff's accommodations until late in his academic year in March 16, 2018—two months after Catherine Wharton listed her proposed accommodations for Plaintiff [ECF No. 75 ¶¶29-32, 45; ECF No. 88 ¶¶29-32, 45];

(10) Lynn offers no justification for the additional delay between January 9, 2018 (when Catherine Wharton proposed Plaintiff's accommodations), and March 16, 2018 (when Lynn approved his accommodations) [ECF No. 75 ¶¶44-45; ECF No. 88 ¶¶44-45];

(11) The specific accommodations approved by Lynn included: alternate testing environment for examinations, extended time on examinations, use of assistive technology during examinations, use of Instructor's notes when available, and permission to record class lectures with instructor authorization [ECF No. 51 ¶13];

(12) When Defendant Matthew Roche approved Plaintiff's accommodations on March 16, 2018, Plaintiff already was on academic probation and performing poorly in his second semester courses [ECF No. 88 ¶86; ECF No. 89 ¶13];

(13) Even after Plaintiff obtained approval for his accommodations from Lynn administrative officials, certain professors still refused to provide Plaintiff with his approved accomodations [ECF No. 88 ¶¶96, 103; ECF No. 100 ¶¶96, 103];

(14) Although Lynn disclaims any knowledge of Plaintiffs' professors refusing to provide accommodations to Plaintiff, it does not dispute that, after March 16, 2018, certain professors did in fact prevent Plaintiff from availing himself of the accommodations granted by the university during examinations [ECF No. 88 ¶¶96-97; ECF No. 100 ¶¶96-97];

(15) Relevant administrative officials at Lynn knew, at least as of January 9, 2018, that Plaintiff was seeking ADA accommodations and yet did not approve them until over two months later on March 16, 2018 [ECF No. 75 ¶¶35-36, 45; ECF No. 88 ¶¶35-36, 45];

(16) At least four months (November 10, 2017, to March 16, 2018), elapsed with what appears to be no action on the part of Lynn to provide Plaintiff's requested accommodations [ECF No. 75 ¶¶34, 38, 45; ECF No. 88 ¶¶34, 38, 45]; and

(17) On May 23, 2018, Plaintiff received a letter of academic dismissal from Lynn due to his poor academic performance [ECF No. 88 ¶98; ECF No. 100 ¶98].

In light of the foregoing, although Lynn has set forth some plausible reasons to explain various steps in the chronology—including administrative disruptions caused by hurricane Irma [ECF No. 75 ¶3; ECF No. 88 ¶3], Plaintiff's lack of diligence in attending coaching sessions with his academic adviser [ECF No. 75 ¶¶25-28; ECF No. 88 ¶¶25-28], and the inadvertence of relevant administrative officials at Lynn in handling Plaintiff's documentation [ECF No. 75 ¶¶34-40; ECF No. 88 ¶¶34-40]—there is sufficient record evidence from which a reasonable juror could conclude that Lynn's failure to provide accommodations was the result of deliberate indifference to Plaintiff's needs, not just mere inadvertence.[1]  Put another way, although some jurors might view Lynn's conduct as simply the product of negligent missteps in the context of a large public program, the record also supports the opposite finding—that Lynn acted with deliberate indifference to a strong likelihood that Plaintiff's rights under the RA would be violated.  This is

---

[1] *See Crane*, 898 F.3d at 1136 (reversing a district court's order granting summary judgment in favor of defendants on the issue of deliberate indifference under the RA because plaintiff presented sufficient evidence to survive summary judgment on the defendant's alleged failure to provide an adequate interpreter to plaintiff during his hospital stay);  *Loeffler*, 582 F.3d at 276 (remanding a district court's order granting summary judgment in favor of a defendant hospital on the issue of deliberate indifference based in part on the hospital's "obvious shortcomings" and conduct).

not to suggest that the RA contemplates perfect service for the disabled. It does not. Nor should it be read to suggest that courts should act as a super-human resources department to dictate the conduct of covered entities subject to the RA. It does, however, conform to the RA's directive that covered entities accommodate a disabled person in regard to participation in a covered program. 29 U.S.C. § 794(a). Here, as stated, although it could be the case that Lynn simply made a series of inadvertent mistakes, the Court must construe the totality of the facts in the light most favorable to Plaintiff, and Defendants have not shown that they are entitled to judgment as a matter of law on the RA count. For that reason, and for the additional reasons included in the Report, the Court adopts the Report's recommendations in full.

## CONCLUSION

Accordingly, the Court **ORDERS AND ADJUDGES** as follows:

1. Magistrate Judge Reinhart's Report and Recommendation [ECF No. 128] is **ACCEPTED**.

2. Defendants Lynn University, Inc., and Matthew Roche's Motion for Summary Judgment [ECF No. 74] is **GRANTED** as to Counts VII, X, and XI.

3. Defendants Lynn University, Inc., and Matthew Roche's Motion for Summary Judgment [ECF No. 74] is **DENIED** as to Counts I, II, III, and IV.

4. Defendant Catherine Wharton's Motion for Summary Judgment [ECF No. 72] is **DENIED**.

5. In light of the Court's entry of summary judgment of the only claim pending against him in Count X, the Clerk is directed to **DISMISS FROM THIS ACTION** Defendant Matthew Roche.

6. Plaintiff shall proceed in this case solely on Counts I, II, III, IV, VI and IX of the Second Amended Complaint.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 19th day of May 2021.

_____
**AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE**

cc: counsel of record